IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE ORTIZ,

        Plaintiff,

vs.                                  CIVIL NO.  11-951 MCA/LFG

MARTIN BENAVIDEZ, Officer;
BRENT WOODARD, Officer; JOHN
DOE, VCDC Booking Officer or
Employee; JOE CHAVEZ, Warden;
and MIKE CHAVEZ, Former Chief
of Police,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u><br><u>ALLOWING LIMITED DISCOVERY</u><br><u>AND STAYING ALL OTHER DISCOVERY</u>

THIS MATTER is before the Court on two motions:  Defendant Joe Chavez's ("Warden Chavez") Motion for an Order Staying Discovery Pending Resolution of Immunity Defense [Doc. 22]; and Defendants Benavidez, Woodard and former Chief of Police Mike Chavez's[1] ("Belen Officers") Motion to Stay Discovery [Doc.25].  The Court considered the motions together with Plaintiff's Response in Opposition to the Belen Officers' motion [Doc. 31];[2] and Defendants' Replies [Docs. 33, 36].

---

[1]Former Chief of Police Mike Chavez is referred to either as part of the "Belen Officers," or as "former Chief Mike Chavez," so as to distinguish him from Warden Joe Chavez.

[2]Ortiz did not file a response to Warden Chavez's motion, but the Court will consider his response [Doc 31] to the Belen Officers' motion as a response to both.

The Court also considered Plaintiff Jesse Ortiz's ("Ortiz") request for limited discovery [Doc. 31],[3] which was made part of his response in opposition to the stay. The Court determines that oral argument would not be of substantial benefit in resolving the dispute, and, therefore, issues this decision based on the parties' submissions.

## Background

Pursuant to 42 U.S.C. § 1983 as well as the New Mexico State Tort Claims Act, Ortiz brings this action against Belen Officers, including former Chief Mike Chavez, booking officer John Doe, and Warden Joe Chavez.

Ortiz's claims arise out of his detention for driving while intoxicated on April 2, 2010. Following his arrest, Ortiz claims he was held until April 14, 2011, without criminal charges properly being filed with the state magistrate court. He had no probable cause hearing. He alleges he was falsely imprisoned, in violation of his rights under the New Mexico State Tort Claims Act and provisions of the United States Constitution under the Fourth, Fifth and Fourteenth Amendments.

The Belen Officers deny Ortiz's contentions and state: (1) there was probable cause for his arrest and detention; (2) the arresting officer completed and signed a criminal complaint and provided the district attorney, jail officers, and Ortiz with a copy; and (3) they were not responsible for his prolonged incarceration, his failure to be brought before a state magistrate judge, or the lack of a probable cause hearing.

---

[3]The joinder of the request for discovery as part of a response to another motion is improper. Pursuant to Administrative Order, Misc. No. 92-88, these matters should not have been joined. Rather, Ortiz should have filed a response to the motion to stay, and, by separate motion, requested limited discovery by way of Fed. R. Civ. P. 56(d) affidavit. The Court will nonetheless consider both the response and request for discovery.

Former Chief Mike Chavez was not involved in any manner in Ortiz's arrest or detention. He was not at the scene of the arrest or at the jail where Ortiz was taken.  He contends he was not responsible for any arrest, detention or constitutional violation.  Moreover, there is no *respondent superior* liability for claims arising under 42 U.S.C. § 1983.  Polk County v. Dodson, 454 U.S. 312, 325 (1981) (§ 1983 does not impose liability based on a *respondeat superior* theory of liability); *see also* McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983) (*respondeat superior* theory of liability cannot form basis of § 1983 claim).

Belen Officers, including former Chief Mike Chavez, further contend that, at all times, they acted in good faith and in an objectively reasonable manner under the circumstances as authorized by existing law and in accord with the advice of the county's District Attorney.  Thus, they assert they are entitled to qualified immunity.

Warden Chavez asserts that the Valencia County Detention Center accepted custody of Ortiz based on the sworn complaint provided to them by the arresting law enforcement officer.  Once custody was accepted based on Ortiz's arrest, Warden Chavez contends that Ortiz could not be released absent a court order.  Indeed, any release of an imprisoned defendant without a court order is a criminal violation under New Mexico law. § 33-3-12(B) NMSA 1978.  Warden Chavez further argues that at all times he acted in good faith based on the reasonable belief that Ortiz was lawfully arrested pursuant to a criminal complaint.

In addition, Warden Chavez states that he provided the state magistrate judge with the appropriate paperwork for the proper processing of Ortiz's criminal complaint and he had no authority to set hearings on the court's docket.  Any failure to file a complaint in court or to set a hearing is beyond Warden Chavez's responsibility.  He contends that he complied with his statutory

3

obligations and was not responsible for any alleged unlawful detention.  Warden Chavez seeks dismissal based on qualified immunity.

### Stay of Discovery

Defendants seek a stay of discovery pending the Court's consideration and disposition of their pending motions based on qualified immunity.  Ortiz did not yet respond to Defendants' qualified immunity motions, and instead requested an extension of time to file responses based on the resolution of Defendants' motions for stay and Ortiz's request for limited discovery. [Doc. 31.][4]

### Analysis

A qualified immunity defense not only protects governmental officials who perform discretionary functions from liability, but also from the burdens of trial, including discovery. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953-54 (2009) ; Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004).  Qualified immunity provides a critical and important benefit to governmental officials, as it vests them with beneficial substantive and procedural rights.  Thus, when a qualified immunity defendant files a motion to dismiss, the court has little discretion other than to stay discovery pending resolution of the question of qualified immunity.  *See* Workman v. Jordan, 958 F.2d 332, 335-36 (10th Cir. 1992).  Moreover, the Court is to promptly determine whether the immunity defense is applicable so that none of the protections of the defense are lost. *See* Jiron, 392 F.3d at 414 ("qualified immunity questions should be resolved at the earliest possible stage in litigation" because pretrial matters like discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government.") (internal citation omitted);

---

[4]The referral magistrate judge stayed Ortiz's response time to both motions to dismiss pending a decision on the motion to stay discovery.

Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982) ("[u]ntil this threshold immunity question is resolved [qualified immunity], discovery should not be allowed.")

There is a *presumption* of immunity for defendants such as these.  In the recent Tenth Circuit opinion, Kerns v. Badar, --- F.3d ----, 2011 WL 6367728 (Dec. 20, 2011), our Circuit Court stated:

> Law enforcement officers are, of course, entitled to a presumption that they are immune from lawsuits seeking damages for conduct they undertook in the course of performing their jobs.  "If qualified immunity is to mean anything, it must mean that public employees who are just doing their jobs are generally immune from suit." (*citing* Lewis [v. Tripp], 604 F.3d [1221], 1230 [10th Cir. 2010]).

Id. at *4.

The Kerns decision notes that the presumption of immunity may be overcome "only by carrying the heavy burden of showing both that (1) the defendant--officer in question--violated one of [the plaintiff's] constitutional rights, and (2) the infringed right at issue was clearly established at the time of the allegedly unlawful activity such that 'every reasonable official would have understood that what he [was] doing' violated the law."  2011 WL 6367728, *4 (*citing* Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080, 2083 (2011) (internal citations omitted)).  In other words, a plaintiff must demonstrate that a defendant's conduct not only violated a federally protected right, but that the violation was not objectively reasonable.

Thus, a stay of discovery pending a resolution of the qualified immunity issue is consistent with Tenth Circuit law, *e.g.,* Jiron, 392 F.3d at 414, and Supreme Court precedent.  Iqbal, 556 U.S. 662.  *See also,* Lewis v. City of Ft. Collins, 903 F.2d 752, 754 (10th Cir. 1990) (upon the filing of a motion to dismiss based on qualified immunity, discovery must be stayed); Benjamins v. Armijo, CIV 06-84 WJ/RLP (D.N.M. Apr. 12, 2006); Zamora v. City of Belen, 229 F.R.D. 225 (D.N.M. 2005) (holding that all discovery should be stayed until the court ruled on defendant's motion for

5

summary judgment on grounds of absolute and qualified immunity); <u>Schaefer v. Thacker</u>, CIV 09-1119 JB/KBM (D.N.M. Jan. 5, 2010); <u>J.M. v. New Mexico Dep't of Health</u>, CIV 07-604 RB/ACT (D.N.M. June 5, 2008) (when a motion to dismiss based on qualified immunity is filed, a court has limited discretion on the issue of a stay of discovery and should stay all discovery until the court considers and determines the motion to dismiss); <u>Ransom v. APD</u>, CIV 01-822 RLP/LFG (D.N.M. Sept. 27, 2001) (When qualified immunity is raised by way of motion, discovery should be stayed pending the court's determination on the qualified immunity motion).

### Rule 56(d) Request

The general rule requires a stay of discovery pending a qualified immunity determination. However, the federal rules of civil procedure allow a party to file an affidavit or declaration explaining why a ruling on qualified immunity should be postponed pending further or limited discovery.  Fed. R. Civ. P. 56(d).

In order to satisfy requirements of the Rule 56(d) procedure, Plaintiff's affidavit must do more than simply indicate that he would like to engage in discovery.  Rather, the Rule 56(d) affidavit must be pointed, specific, and disclose what discovery plaintiff wishes to take, and, more importantly, how that discovery will assist in overcoming defendant's *prima facie* showing of entitlement to summary judgment.  <u>Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.</u>, 616 F.3d 1086, 1096 (10th Cir. 2010) (listing requirements to satisfy Rule 56(d) and finding affidavits fell "short of the yardstick:); <u>Libertarian Party of N.M. v. Herrera</u>, 506 F.3d 1303, 1308-09 (10th Cir. 2007) ("A party may not invoke Rule 56[d] by simply stating that discovery is incomplete but must 'state with specificity how the additional material will rebut the summary judgment motion.'"); <u>Ben Ezra, Weinstein & Co. v. Am. Online, Inc.</u>, 206 F.3d 980, 987 (10th Cir.), *cert. denied,* 531 U.S. 824 (2000) (same).

In this case, Ortiz's attorneys submitted two affidavits setting forth the discovery Plaintiff seeks before being required to respond to the motions for dismissal. [Doc. 31, Exhibits A, B.] Ortiz wants to take the deposition of the state Magistrate Judge, the Honorable Danny Hawkes, who allegedly failed to schedule a preliminary hearing; the depositions of District Attorney Lemuel Martinez and Deputy District Attorney Ron Lopez, who allegedly failed to authorize or initial the criminal complaint so that it could be filed with the court; the deposition of the state magistrate court clerk Teresa Chavez, who receives complaints for filing; the deposition of the arresting officer Martin Benavidez; and the deposition of former Chief Mike Chavez. The attorney affidavits further indicate that Ortiz wishes to serve document requests to investigate the practice, policy and knowledge of court and state officials, and the policies and procedures relevant to training.

Ortiz also seeks to depose official capacity Defendants to pursue his claim for injunctive relief, but does not state what discovery is relevant to that claim, nor how any results of the discovery would be used at this juncture. If any of the written discovery or depositions were allowed, Defendants and their attorneys would necessarily have to prepare for and participate in the depositions and respond to written discovery to protect their positions. In doing so, they would lose the benefit given governmental employees who perform discretionary acts. Iqbal, 556 U.S. 662.

The requests for discovery in this case, as outlined in the two Rule 56(d) affidavits, for the most part, are broad, open-ended and non-specific in terms of the qualified immunity defense and are more akin to an impermissible fishing expedition[5] to determine what law enforcement officers do upon an arrest; what the district attorney does in relation to criminal complaints; what the clerk of the court does; and, finally, how the state judge handles criminal complaints. The request for

---

[5]"Rule 56[d] is not a license for a fishing expedition, especially when summary judgment is urged based on a claim of qualified immunity." Lewis, 903 F.2d at 759.

discovery is not narrowly tailored to the discrete issue of qualified immunity.  *See* <u>Maxey by Maxey v. Fulton</u>, 890 F.2d 279, 282, 283 (10th Cir. 1989) (discovery must be "narrowly tailored" to the question of qualified immunity); *see also* <u>Ben Ezra, Weinstein & Co.</u>, 206 F.3d at 987 (under Rule 56[d] non-moving parties seeking additional discovery must demonstrate *precisely* how additional discovery will lead to a genuine issue of material fact).  The affidavits do not show what evidence will be elicited or precisely how the evidence sought would defeat Defendants' *prima facie* showing of an entitlement to judgment.  *See, e.g.,* <u>Valley Forge Ins. Co.</u>, 616 F.3d at 1096; <u>Ben Ezra, Weinstein & Co.</u>, 206 F.3d at 987.  Moreover, the discovery that Ortiz seeks to take is essentially merits discovery which does not justify Rule 56(d) relief.

Notwithstanding its initial inclination to stay all discovery, the Court elects to allow limited discovery specific to discrete areas.  After careful review of Defendants' sworn declarations and the Rule 56(d) affidavits, the Court finds a conflict in the testimony concerning the reasons the criminal complaint was not filed promptly after Ortiz's arrest.  Former Chief Mike Chavez and his officers refer to instructions and advice provided to them by the District Attorney and the District Attorney's office, to submit criminal complaints to the DA's office for review and approval.  The District Attorney "advise[s] all county and state officials whenever requested . . . ." and prosecutes for the states in all courts of record all criminal cases in which the state or county in his district may be a party.  § 36-1-18(A)(1) and (3)  NMSA 1978 (2001 Supp.).  *See* former Chief Chavez's Declaration [Doc. 24, Ex. 3, ¶¶ 7-10]; Woodard's Declaration [Doc. 24, Ex. 2, ¶¶ 5, 6, 15-17]; Benavidez's Declaration [Doc. 24, Ex. 1, ¶¶ 5, 12-14].

These police declarations, however, are challenged by attorney Coyte's declaration that refers to the District Attorney's hearsay statement that the DA's authorization is not necessary to file a criminal complaint.  *See* Coyte's Affidavit [Doc. 31, Ex. 1, ¶ 7].

It is undisputed that the arresting officer did not file the criminal complaint with the State Magistrate Court on the first business day after the arrest in accordance with NMRA, Rule 6-201. Instead, the original complaint was sent to the District Attorney and copies were given to Ortiz and the jail detention officer.  If the arresting officer's failure to file the complaint was objectively reasonable pursuant to instructions by a District Attorney, this factor could be pertinent to the Court's qualified immunity determination in ascertaining the reasonableness of the officer's action or inaction.  *See* Stearns v. Clarkson, 615 F.3d 1278 (10th Cir. 2010) ("although following an attorney's advise does not automatically cloak officers with qualified immunity, it can show the reasonableness of the action taken.") (*quoting* Frye v. Kansas City, Mo. Police Dep't, 375 F.3d 785, 792 (8th Cir. 2004)).  *See also* Cox v. Hainey, 391 F.3d 25, 34 (1st Cir. 2004) (*cited with approval* in Stearns, 615 F.3d at 1285 ("[T]he fact of the consultation [with a prosecutor] and the purport of the advice obtained should be factored into the totality of the circumstances and considered in determining the officer's entitlement to qualified immunity.")

Thus, before the Court can determine if the law enforcement officer's conduct was objectively reasonable, it must factor in what advice or directives were given to law enforcement officers by the District Attorney.  Therefore, it is appropriate to authorize a deposition of the District Attorney, limited in scope as hereafter set out.

With respect to District Attorney Martinez's deposition, the following limitations apply. Plaintiff may question DA Martinez as to any advice given or directive issued by him or his office to law enforcement concerning the District Attorney's review and approval for filing criminal complaints.  Ortiz may seek information on when, how, why and to whom the District Attorney's advice or directive was given.  Ortiz may also inquire of the District Attorney into the handling of

9

this specific complaint, *i.e.*, Ortiz's criminal complaint.  General discovery into policies, practices and procedures or the handling of other complaints is not authorized except as described above.

The rules of criminal procedure applicable to a state magistrate court require an immediate filing of the complaint if the court is open or a delayed filing on the next business day if the court is closed.  NMRA, Rule 6-201.  Accordingly, the Court concludes it is appropriate to take a limited deposition of Officer Benavidez, the arresting officer, to ascertain what advice or directive the District Attorney or his office provided him.  This will assist the Court in determining if the failure to timely file the complaint was nonetheless objectively reasonable.  For example, if Officer Benavidez violated Ortiz's rights by not filing the criminal complaint, but the trial court concludes that the officer was acting in accord with the advice or a request made by the District Attorney, the attorney responsible for prosecutions in the district, the court may conclude that the officer's conduct was nonetheless objectively reasonable.  *See* Kerns, 2011 WL 6367728, *4 (discussing objective reasonableness inquiry).

Therefore, the Court will authorize a deposition of arresting officer Benavidez, with the following limitations.  The Benavidez deposition shall be limited in scope to advice or directives given to Benavidez or other law enforcement officers by the District Attorney or the District Attorney's office with respect to obtaining approval from a District Attorney before filing a criminal complaint.  Ortiz may question Benavidez as to when, where and why the District Attorney's advice was either sought or provided.  Benavidez may be deposed as to how Ortiz's criminal complaint was processed, *i.e*., when it was prepared, to whom it was given, how, if at all, it was sent to the District Attorney or to others.  Ortiz may further inquire into whether Benavidez's conduct in not filing the complaint but instead, sending it to the District Attorney for review, approval and filing, was objectively reasonable.

Discovery of all other matters as sought by Ortiz, including discovery on matters leading up to the decision to arrest Ortiz, general discovery regarding the practices and procedures as to the handling of other complaints, and discovery regarding the training of law enforcement officers is beyond the scope of the limited discovery authorized by the Court.  So, too, document requests and proposed depositions of other individuals, *i.e.*, the judge, court clerk, deputy District Attorney, and Chief of Police, are denied.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's request for limited discovery is GRANTED and DENIED in part, as described herein;

(2) Defendants' motions to stay discovery are GRANTED and DENIED in part, with the result that all discovery, except the depositions described above, is STAYED pending resolution of the qualified immunity motions;

(3)  Ortiz has 30 days within which to take both the above-described depositions;[6] neither of which may exceed two (2) hours on direct examination; and

(4) the limited discovery period ends on February 6, 2012.  Ortiz shall file his responses to the motions to dismiss no later than February 17, 2012.

Lorenzo F. Garcia
United States Magistrate Judge

---

[6]Thus, both depositions must be taken before February 6, 2012.